UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------- x
                                         :
SUSAN QUINN,                             : Civil Action No. _____
on behalf of herself and                 :
similarly situated employees,            :
                                         : INDIVIDUAL AND
              Plaintiff,                 : COLLECTIVE/CLASS
                                         : ACTION COMPLAINT
              v.                         :
                                         :
CBRE GROUP, INC.,                        : Jury Trial Demanded
                                         :
              Defendant.                 : Electronically Filed
                                         :
------------------------------------------------------- X
```

## INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and comparable wage laws in states other than Pennsylvania.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. **Plaintiff Susan Quinn** resides at 456 Mapleton Avenue, Pittsburgh, PA 15228. Plaintiff has worked for Defendant CBRE Group, Inc., since November 2017 reporting to the Pittsburgh, PA, office.

5. Plaintiff has regularly performed work within the state of Pennsylvania.

6. Plaintiff has regularly performed work for clients of Defendant's who reside in various states in the United States.

7. **Defendant CBRE Group, Inc.,** is a commercial real estate services and investment firm based in Los Angeles, CA, operating more than 450 offices worldwide and serving clients in all 50 states and more than 100 countries. Defendant maintains its headquarters at 400 S. Hope Street, 25th Floor, Los Angeles, CA 90071.

8. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has been subject to the provisions of Section 203(s)(1) of the FLSA.

9. Defendant has regularly employed individuals such as Plaintiff in the state of Pennsylvania and other states in the performance of work on behalf of Defendant and is subject to the provisions of the PMWA and comparable wage laws in states other than Pennsylvania.

## Statement of Claims

10. Defendant has employed Plaintiff since in or about November 2017.

11. Defendant hired Plaintiff for the position of Integration Manager (also frequently used interchangeably by Defendant with the titles "Implementation Manager," "Transition

Manager" or "Project Manager") reporting to Defendant's Pittsburgh, PA, office.

12.  Plaintiff is paid a salary of about $79,000, plus bonuses.

13.  The bonuses paid to Plaintiff are approximately 10% of her salary.

14.  The bonuses are "non-discretionary" bonuses within the meaning of the FLSA and the PMWA.

15.  Plaintiff has worked more than 40 hours in most workweeks since the time she began her employment.

16.  Plaintiff is not paid overtime.

17.  Rather, Defendant classifies Plaintiff as exempt from overtime under the FLSA and PMWA.

18.  Defendant has classified Plaintiff as exempt as a matter of common policy based upon title and salary rather than upon an evaluation of Plaintiff's actual job duties.

19.  As an Integration Manager Plaintiff's primary duty is lease services, including collecting lease documents, gathering customer parameters/needs, setting and conducting meetings and entering data in computer spreadsheets and databases.

20.  The chief products produced by Plaintiff are a lease database and a document referred to as a Playbook.

21.  The Playbook identifies Defendant's day-to-day lease services provided to the customers.

22.  Plaintiff is required to use Defendant's Lease Database with explicit checklists and protocols in the performance of her duties.

23.  Plaintiff performs these duties mostly from the CBRE office in Pittsburgh where she is

assigned.

24. Plaintiff also performs some of these duties from home using company-provided equipment and software.

25. Plaintiff's primary duty is <u>not</u> the performance of office or non-manual work directly related to the management of general business operations of the employer or the employer's customers: rather, Plaintiff's primary duty is production-related, namely, the very lease services Defendant sells and charges to its clients. 29 C.F.R. §541.200, 201.

26. Plaintiff's primary duty also does not include the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. §541.200(3), 202.

27. Rather, Plaintiff's primary duty requires she follow explicit guidelines given to her by management, chiefly through the checklists and protocols such as SmartSheet, Toolkit, Global Abstraction Standards, and Lease Database, from which explicit guidelines she is not permitted to deviate, and that she perform her work in accordance with the software and protocols established by management.

28. Plaintiff's primary duty also does not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. 29 C.F.R. §541.300 (2), 301.

29. Rather, Plaintiff is only required to acquire and apply knowledge about the client's parameters/needs and to follow the software templates, guidelines and protocols established by management in doing so.

30. Plaintiff supervises <u>no one</u>. 29 C.F.R. §541.100.

31. Plaintiff is expected to work a minimum of eight hours per day, five days per week.

32. Plaintiff is also required by Defendant to work evenings and weekends as necessary to

meet deadlines.

33. On average, Plaintiff works between 45 and 55 hours per week.

34. There have also been numerous times when Plaintiff has had to work in excess of 55 hours per week in order to complete her assigned work.

35. Defendant has not paid overtime compensation – at a premium rate or any other rate - to Plaintiff for any of the worktime in excess of 40 hours in any workweek.

36. Defendant has not paid Plaintiff for hours worked in excess of forty hours in any workweek because Defendant has classified Plaintiff as "exempt" from the overtime requirements of the FLSA and PMWA.

37. The classification as "exempt" is the product of a common policy based upon the title of "Integration Manager" and payment of a salary rather than the evaluation of Plaintiff's actual job duties.

38. Plaintiff is not exempt under any of the relevant white collar exemptions (professional, executive or administrative).

39. Plaintiff does not qualify for the executive exemption. 29 C.F.R. § 541.100.

40. Plaintiff does not qualify for the administrative exemption. 29 C.F.R. § 541.200.

41. Plaintiff does not qualify for the professional exemption. 29 C.F.R. § 541.300.

42. Defendant has known the misclassification of Plaintiff violates the FLSA.

43. In the alternative, Defendant has acted in reckless disregard of and indifference toward the FLSA by failing to make a good-faith effort to evaluate Plaintiff's job duties vis-à-vis the FLSA's exemptions.

44. Defendant also fails to maintain accurate records of the time worked by Plaintiff. 29 C.F.R. § 516.2.

45. Defendant's policy of misclassifying Plaintiff, not maintaining accurate time records and failing to pay overtime wages due in overtime workweeks is a violation of the FLSA, the PMWA and corresponding state wage laws.

46. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay a premium rate for overtime worked.

## Collective/Class Action Averments

47. Plaintiff incorporates by reference paragraphs 1-46, above.

48. In the past three years Defendant has employed more than 500 individuals in the United States as Integration Managers[1] performing the same or similar primary duty as Plaintiff, namely, lease services, including collecting lease documents, gathering customer parameters/needs, setting and conducting meetings and inserting data in spreadsheets and databases.

49. The similarly situated Integration Managers produce the same chief products referred to as a lease database and a Playbook as Plaintiff.

50. The similarly situated Integration Managers, like Plaintiff, are required to use Defendant's Lease Database with explicit checklists and protocols in the performance of

---

[1] This collective/class of similarly situated employees is referred to generally throughout the Complaint as "similarly situated Integration Managers." Integration Managers is to be used broadly to include the titles used interchangeably by Defendant such as Implementation Manager, Transition Manager and Project Manager.

their duties.

51. These similarly situated Integration Managers, like Plaintiff, have worked from the Pittsburgh, PA, office and elsewhere in the United States.

52. These similarly situated Integration Managers, like Plaintiff, work a full-time schedule during normal work hours of 40 hours or more per week.

53. These similarly situated Integration Managers, like Plaintiff, also regularly work at the office, at locations away from the office or at home in the evenings and on weekends in order to complete their duties.

54. These similarly situated Integration Managers, like Plaintiff, are paid an annual salary.

55. These similarly situated Integration Managers, like Plaintiff, are also paid bonuses.

56. These bonuses, like the bonuses for Plaintiff, are non-discretionary bonuses within the meaning of the FLSA.

57. These similarly situated Integration Managers regularly work more than forty hours per week.

58. These similarly situated Integration Managers do not receive overtime compensation.

59. Defendant has not compensated these similarly situated Integration Managers at one-and-one-half times their regularly rates of pay for hours they have worked in excess of forty hours in a single workweek.

60. Defendant has not paid these similarly situated Integration Managers for hours worked in excess of forty hours because Defendant has classified these similarly situated Integration

Managers, like Plaintiff, as "exempt" as a matter of common policy based upon title and salary rather than upon an evaluation of the actual job duties of the Integration Managers.

61. These similarly situated Integration Managers, like Plaintiff, have the primary duty of production, not general business operations.

62. These similarly situated Integration Managers, like Plaintiff, do not have as their primary duty work that includes the exercise of discretion and independent judgment with respect to matters of significance.

63. The primary duty of these similarly situated Integration Managers, like Plaintiff, also does not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

64. These similarly situated Integration Managers, like Plaintiff, supervise no one.

65. These similarly situated Integration Managers, like Plaintiff, do not qualify for the executive, administrative, or professional exemptions of the FLSA or PMWA. 29 C.F.R. §541.100, 200, 300.

66. These similarly situated Integration Managers are, and have been, non-exempt for at least the past three years prior to the filing of this Complaint.

67. The similarly situated employees for purposes of this action are the Integration Managers performing the same or similar work as Plaintiff who have worked more than 40 hours in one or more workweeks since three years prior to the filing of this Complaint and who have not been paid overtime because they, like Plaintiff, have been classified as exempt as a matter of common policy based on title and salary rather than actual job duties.

68. Defendant has known the classification is incorrect and has known its misclassification violates the FLSA, PMWA and other states' comparable wage laws.

69. In the alternative, Defendant has acted in reckless disregard of and indifference toward the FLSA and PMWA and other states' comparable wage laws by failing to make a good-faith effort to evaluate whether these similarly situated Integration Managers' job duties satisfy the FLSA's and state law exemptions.

70. Defendant also fails to maintain accurate records of the time worked by the similarly situated Integration Managers. 29 C.F.R. § 516.2.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action

71. Plaintiff incorporates by reference paragraphs 1 through 70 of this complaint as though the same were more fully set forth herein.

72. Plaintiff and all other similarly situated Integration Managers are employees of Defendant within the meaning of the FLSA.

73. Defendant is an employer within the meaning of the FLSA.

74. Plaintiff and all other similarly situated Integration Managers have been improperly classified as exempt from the overtime provisions of the FLSA.

75. Plaintiff and all other similarly situated Integration Managers have been improperly classified as exempt from the overtime provisions of the FLSA since at least February 2016 as a matter of common policy based on title and salary rather than actual job duties.

76. Plaintiff and all other similarly situated Integration Managers should have been classified as non-exempt from no later than February 2016 through the present.

77. Plaintiff and all other similarly situated Integration Managers have regularly worked more than forty hours per week.

78. Defendant has not paid any overtime compensation, either on their salaries or bonuses, to Plaintiff and all other similarly situated Integration Managers when they have worked more than forty hours in workweeks since February 2016.

79. The similarly situated employees for purposes of this action are the Integration Managers performing the same or similar work as Plaintiff who have worked more than 40 hours in one or more workweeks since three years prior to the filing of this Complaint and who have not been paid overtime because they, like Plaintiff, have been classified as exempt as a matter of common policy based on title and salary rather than actual job duties.

80. Defendant's failure to pay overtime to Plaintiff and all other similarly situated Integration Managers has violated the FLSA.

81. For at least the past three years, Defendant's violations of the FLSA have been knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

82. Plaintiff and all other similarly situated Integration Managers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

83. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay a premium rate for overtime worked.

84. Plaintiff and all other similarly situated Integration Managers are also entitled to recover liquidated damages.

### COUNT II:  VIOLATION OF THE PMWA AND
### OTHER COMPARABLE STATE WAGE LAWS
#### Individual and Class Action

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this complaint as though the same were more fully set forth herein.

86. Plaintiff and all other similarly situated Integration Managers are employees of Defendant within the meaning of the PMWA and other comparable state wage laws.

87. Defendant is an employer within the meaning of the PMWA and other comparable state wage laws.

88. Plaintiff and all other similarly situated Integration Managers have been improperly classified as exempt from the overtime provisions of the PMWA and other comparable state wage laws since at least February 2016 as a result of a common policy.

89. Plaintiff and all other similarly situated Integration Managers have been misclassified as exempt since at least February 2016 through the present.

90. Plaintiff and all other similarly situated Integration Managers have regularly worked more than forty hours per week.

91. Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Integration Managers when they have worked more than forty hours in workweeks since February 2016.

92. The similarly situated employees for purposes of this action are the Integration Managers performing the same or similar work as Plaintiff who have worked more than 40 hours in one or more workweeks since three years prior to the filing of this Complaint and who have not been paid overtime because they, like Plaintiff, have been classified as exempt

as a matter of common policy based on title and salary rather than actual job duties.

93. Defendant's failure to pay overtime to Plaintiff and all other similarly situated Integration Managers has violated the PMWA and other comparable state wage laws.

94. For at least the past three years, Defendant's violations of the PMWA and other comparable state wage laws have been knowing, willful, and in reckless disregard of the state overtime requirements.

95. Plaintiff and all other similarly situated Integration Managers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

96. WHEREFORE, Plaintiff and all other similarly situated Integration Managers subject to the common policy of misclassifying them as exempt simply because they were paid a salary respectfully request that this Court:
    A. order Defendant to pay compensatory damages equal to the unpaid overtime compensation owed to Plaintiff and all other similarly situated Integration Managers;
    B. order Defendant to pay liquidated damages (under the FLSA) to Plaintiff and all other similarly situated Integration Managers;
    C. order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Integration Managers; and,
    D. grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

  s/Joseph H. Chivers
Joseph H. Chivers, Esq.

                                          PA ID No. 39184  
                                          The Employment Rights Group, LLC  
                                          100 First Avenue, Suite 650  
                                          Pittsburgh, PA  15222-1514  
                                          jchivers@employmentrightsgroup.com  
                                          Tel: (412) 227-0763/Fax: (412) 774-1994

                                          *Counsel for Plaintiff*  
                                          *and all others similarly situated*

Dated: February 7, 2019